# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03158-GPG

COMCAST OF COLORADO I, LLC

 Plaintiff,

vs.

ANDREW J. O'CONNOR, and
MARY E. HENRY

 Defendants.

## PLAINTIFF'S EXPEDITED MOTION TO REMAND

  Pursuant to 28 U.S.C. § 1447(c), Plaintiff Comcast of Colorado I, LLC ("Comcast") moves the Court for an Order remanding the above-entitled action to the District Court, City and County of Boulder, Colorado. In light of Plaintiff's urgent need for injunctive relief, Plaintiff respectfully requests expedited consideration of this Motion and will be filing a separate Motion providing the basis for that request. Additionally, in the event that remand is not granted, Plaintiff will be filing, as soon as possible, an alternative motion for entry of a temporary restraining order.

## CERTIFICATION PURSUANT TO D.C.COLO.LCIVR 7.1

  Undersigned counsel certifies that he has conferred with Defendants by sending an email on December 11, 2018, stating the basis for this Motion. On December 11, 2018, Defendant O'Connor replied to that email stating that Defendants oppose the motion and, among other things, demand that Comcast pay Defendants $500,000. *See* Ex. A.

## FACTUAL BACKGROUND

1. Since July 2018, Comcast has been engaged in a project to launch an "Advanced Fiber Network Project" ("Project") in the City of Lafayette. Verified Compl. ¶ 14 (Docket #3).

2. As part of that Project, Comcast representatives must access Defendants' property located at 1220 Devonshire Court, Lafayette, Colorado 80026 (the "Property"). *Id.* ¶ 16.

3. Comcast has the legal right to access the Property by way of a public utility easement granted to the City of Lafayette and a Cable Franchise Agreement entered into by and between the City of Lafayette and Comcast. *Id.* ¶¶ 5-13.

4. Despite Comcast's legal right to access the Property, Defendants have – for months – continually blocked Comcast's access to the easement. *Id.* ¶¶ 16-31. In fact, among other things, Defendants have demanded that Comcast pay over $10,000 to access the easement. *Id.* ¶ 24.

5. After months of trying to resolve the issue, Comcast finally was forced to file a Verified Complaint against Defendants, which it did on November 21, 2018. *Id.* at 1.

6. Comcast also filed a Motion for Temporary Restraining Order on November 27, 2018. *See* Ex. 3 to Notice of Removal (Docket #1).

7. On November 29, 2018, the Boulder County District Court granted Comcast's Motion and entered a Temporary Restraining Order and Order Setting Preliminary Injunction Hearing. *See* Ex. 6 to Notice of Removal (Docket #1). The Order stated "a Temporary Restraining Order is issued, precluding Defendants, including any of their agents, attorneys, or any other person who is in concert or participation with them, from (1) Denying Comcast access

to the easement on the Property located at 1220 Devonshire Court, Lafayette CO; and (2) Interfering with Comcast's installation, construction, maintenance, or repair of cable system facilities in the easement." *Id.* at 2. The Court also set a hearing on Plaintiff's Motion for Preliminary Injunction for December 10, 2018, at 1:30 p.m. *Id.*[1]

8. On December 6, 2018, Defendants filed a Rule 12(b)(5) Motion to Dismiss. Ex. B (Motion) & C (State Court Docket). The Motion asked the Court to dismiss the Verified Complaint for failure to state a claim. *Id.* at 6-7.

9. On December 7, 2018, Defendants filed a Motion for Temporary Restraining Order and Preliminary Injunction. Ex. C & D (Motion).

10. Also on December 7, 2018, Defendants filed an Answer and Counterclaim. Ex. C & E.

11. On December 7, 2018, the state Court denied Defendants' Motion to Dismiss. Ex. F.

12. On December 10, 2018, at 9:20 a.m., the state Court denied Defendants' Motion for Temporary Restraining Order and Preliminary Injunction. Ex. G.

13. Prior to filing for removal, Defendants also filed a Motion to Quash Service of Process (which was denied) and Motion to Continue the Preliminary Injunction Hearing (which was denied). *See* Ex. C.

---

[1] In accordance with the TRO, Comcast attempted to access the Property on December 5, 2018. Defendants, who have admitted in other pleadings that they were present, did not answer their door. Comcast also left a letter asking Defendants to contact undersigned counsel to arrange a specific time for Comcast to access the easement as it was allowed to do under the Order. Defendants did not contact undersigned counsel. In other words, Defendants violated the state court TRO.

14. According to the date stamp, Defendants filed their Notice of Removal with this Court on December 10, 2018, at 10:42 a.m. *See* Notice of Removal at 1 (Docket #1).

15. Defendants perfected their removal under 28 U.S.C. § 1446(d) by filing the Notice with the state court at 12:26 p.m., which was only an hour and four minutes prior to the start of the preliminary injunction hearing in the state court. Ex. H.

## ARGUMENT

I. **THE COURT SHOULD REMAND TO STATE COURT BECAUSE DEFENDANTS WAIVED THEIR RIGHT TO REMOVE BY, AMONG OTHER THINGS, FILING A MOTION TO DISMISS IN STATE COURT.**

Pursuant to 28 U.S.C. § 1447, a plaintiff may move to remand for any defect other than lack of subject matter jurisdiction within thirty days of the notice of removal being filed. In July 2017, the Tenth Circuit set forth a "bright-line rule" that "when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1099 (10th Cir. 2017) ("Generally, a defendant waives removal by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court.") (citation and internal quotation marks omitted).

Indeed, in *Soto Enterprises*, the Tenth Circuit concluded that defendant Soto had waived its removal right by filing a motion to dismiss in state court a mere hour and twenty minutes before filing its notice of removal. *Id.* at 1091, 1099. Though Soto had not sought a hearing on the motion, its conduct in filing the motion seeking the state court's adjudication of the

substantive merits of the plaintiff's claims "showed its objective intent to remain in state court" and "foreclosed its removal right." *Id.* at 1098. The Circuit pronounced the wavier rule as follows:

> We hold that when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a "clear and unequivocal" intent to submit the case to the state court's jurisdiction, and thus waives removal. We favor a bright-line rule to avoid piecemeal litigation that would distinguish cases based on the length of delay between motions to dismiss and motions to remove and based on any number of like considerations.

*Id.* at 1099. The Circuit also crafted an exception, stating that wavier would not be found where a state's procedural rules compelled a defendant's state-court participation. *Id.*

Here, Defendants waived their removal right by filing a Motion to Dismiss in the state court prior to filing their Notice of Removal. In fact, not only was that Motion filed, but it was denied prior to Defendants removing the case. Based on the 10th Circuit's "bright-line rule," Defendants' removal was improper and the case must be remanded to state court.

Further, it bears emphasizing that Defendants went beyond the facts in *Soto Enterprises* and manifested their "willingness to litigate in" state court by filing a Motion for Temporary Restraining Order and Counterclaim. In the Motion and Counterclaim, Defendants specifically requested that the state Court provide them with affirmative relief, which is further clear and unequivocal evidence of their willingness to litigate in state court.

Indeed, in reality, Defendants' removal was nothing more than a last ditch effort to avoid the preliminary injunction hearing after Defendants filed – and lost – on their Motion to Quash Service of Process, Motion to Continue the Hearing, Motion to Dismiss, and Motion for

Temporary Restraining Order. Ex. C. In any event, under the Tenth Circuit's bright-line rule announced in *Soto Enterprises*, this case should be remanded.

Finally, there is no merit to any claim that the Tenth Circuit's exception applies here because Defendants were under no state law deadline to file their Motion to Dismiss. Pursuant to C.R.C.P. 12(a), a defendant has 21 days to answer or otherwise respond after receiving service of the complaint and summons. Defendants were served on November 29, 2018. *See* Ex. C. Therefore, they had until December 20, 2018, to file their motion to dismiss. Instead, they willingly chose to file the motion to dismiss on December 7, 2018.

## II. THE COURT SHOULD AWARD PLAINTIFF ITS EXPENSES, INCLUDING ATTORNEY FEES, BECAUSE DEFENDANTS LACKED AN OBJECTIVELY REASONABLE BASIS TO REMOVE.

28 U.S.C. § 1447(d) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts may award attorney fees when a party lacks an "objectively reasonable basis" to remove. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). Here, the 10th Circuit ruling in *Soto Enterprises* is a rare situation in which a court has articulated a "bright-line rule." Even if Defendants were unaware of that rule when they filed their notice of removal (which is not an excuse), plaintiff's counsel's meet and confer email specifically referenced the *Soto Enterprises* holding. At that point, there is no basis to find that Defendants' position was objectively reasonable.

Further, Mr. O'Connor is not entitled to any *pro se* deference. Although he apparently is not currently practicing law, Mr. O'Connor is trained as an attorney. In 2006, the Florida Supreme Court disqualified Mr. O'Connor from the practice of law for one year after a referee

found that he had "knowingly made a material misrepresentation to the Supreme Court of New Mexico that he was a member in good standing of The Florida Bar and violated the rules with which he had been charged." *The Florida Bar v. O'Connor*, 945 So.2d 1113 (Fl. 2006).

In fact, in another case, the 10th Circuit specifically held that Mr. O'Connor is not entitled to deference:

> Finally, while we generally construe pro se "pleadings and filings liberally," *Lewis v. Commissioner*, 523 F.3d 1272, 1273 n.1 (10th Cir. 2008), we do not extend that same policy to pro se litigants who, like O'Connor, are also attorneys, *Comm. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007).

*O'Connor v. St. John's Coll.*, 290 F. App'x 137, 139-40 (10th Cir. 2008).

Finally, the Court should consider the nature of Defendants' removal when deciding whether to award attorney fees. As discussed, removal was nothing more than a last ditch attempt by Defendants to avoid the preliminary injunction hearing and, in fact, removal was not perfected until just an hour and four minutes prior to the hearing. Defendants had filed numerous motions trying to avoid the hearing and only filed for removal when those motions were unsuccessful. At the end of the day, Defendants' purpose in removing the case was improper and lacked an objectively reasonable basis.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order remanding this matter to state court and awarding Plaintiffs its attorneys' fees and costs.

DATED this 12th day of December 2018.

> BALLARD SPAHR LLP
>
> By: *s/ David M. Stauss*
> David M. Stauss
> J. Matthew Thornton
> 1225 17th Street, Suite 2300
> Denver, CO 80202
> Phone: 303-292-2400
> Facsimile: 303-296-3956
> staussd@ballardspahr.com
>
> **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2018, a true and correct copy of the foregoing **PLAINTIFF'S EXPEDITED MOTION TO REMAND** was served via email on the following:

>Andrew J. O'Connor
>oconnorandrew@hotmail.com
>
>Mary E. Henry
>meandgriff@gmail.com

*s/ Darlene D. Dethlefs*
Darlene D. Dethlefs
