IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03158-GPG

COMCAST OF COLORADO I, LLC

  Plaintiff,

vs.

ANDREW J. O'CONNOR, and
MARY E. HENRY

  Defendants.

---

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
EXPEDITED MOTION TO REMAND**

---

Plaintiff Comcast of Colorado I, LLC ("Comcast") hereby submits its reply brief in support of its Expedited Motion to Remand and states as follows:

## ARGUMENT

**I. THE COURT SHOULD REMAND TO STATE COURT BECAUSE DEFENDANTS WAIVED THEIR RIGHT TO REMOVE BY, AMONG OTHER THINGS, FILING A MOTION TO DISMISS IN STATE COURT.**

As discussed in Plaintiff's Motion to Remand, in July 2017, the 10th Circuit set forth a "bright-line rule" that "when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1099 (10th Cir. 2017). Here, Defendants filed a Motion to Dismiss prior to removing the case and also filed, among

other things, a Motion for Temporary Restraining Order and Preliminary Injunction and an Answer and Counterclaim. Thus, under *Soto Enterprises*, Defendants waived removal and the case must be remanded.

In their response, Defendants ignore this "bright-line rule" and instead point the Court to two cases that allegedly support their position: *Harvey v. UTE Indian Tribe of Uintah & Ouray Reservation*, 797 F.3d 800 (10th Cir. 2015),[1] and *Rothner v. City of Chicago*, 879 F.2d 1407, 1409 (7th Cir. 1989). *See* Response at 10. Yet, not only do those cases provide no support for Defendants' position, but Defendants' reliance on them solidifies that they lacked an objectively reasonable basis for removal such that Plaintiff should be awarded its attorney fees.

The *Harvey* case does not stand for the proposition Defendants allege, *i.e.*, that "Even different Federal District courts disagree about whether waiver by participation even falls within either of § 1447 (c) two bases." Response at 10. Rather, the point of disagreement among circuit courts identified in *Harvey* was whether a waiver finding is reviewable:

> In this case, the district court characterized its remand as based on both waiver and lack of unanimity. ***Our sibling circuits are divided as to whether a remand based on waiver through participation in state court proceedings is reviewable***. Compare *Cogdell v. Wyeth*, 366 F.3d 1245, 1248–49 (11th Cir.2004) (exercising appellate jurisdiction over waiver-based remand order) with *In re Weaver*, 610 F.2d 335, 337 (5th Cir.1980) (declining to review waiver-based remand order). ***Rather than wade into that split, we will consider only whether a remand based on lack of unanimity is reviewable***. See BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir.2012) (concluding that if an "independent and authorized reason for remanding [a] case to state court" exists, "the district court's remand order is unreviewable" even if another basis was also referenced by the district court).

*Id.* at 804 (emphasis added).

---

[1] For reference, Defendants' brief improperly identifies this case as *Henry v. UTE Indian Tribe of Uintah & Ouray Reservation*, 757 F.3d 800, 804 (10th Cir. 2015).

Defendants' reliance on the *Rothner* decision is likewise misguided. As multiple courts have found, the 1989 *Rothner* decision is not good law, having been superseded by a change in § 1447(c)'s language. *See, e.g.*, *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876, 881 (N.D. Ind. 2001) ("As a result, this Court concludes that *Rothner*'s interpretation of § 1447(c) is inapposite to this case. Rather, the subsequent amendments to § 1447(c) evidence Congress's intent to authorize a broad spectrum of challenges to removal, including waiver."); *Integra Bank, N.A. v. Greer*, 2003 WL 21544260 *3, n.4 (S.D. Ind. June 26, 2003).

Finally, without the benefit of citation or explanation, Defendants argue that they did not waive their removal right because the "Colorado Rules of Civil Procedure compelled Pro Se Defendants to file pleadings, answer and affirmative defenses or they are deemed waived." Response at 11. That is plainly wrong. Pursuant to C.R.C.P. 12(a), Defendants had 21 days to answer or otherwise respond after receiving service of the complaint and summons. Defendants were served on November 29, 2018. *See* Ex. C to Motion to Remand. Therefore, they had until December 20, 2018, to file their motion to dismiss. Instead, they willingly chose to file their motion to dismiss on December 7, 2018, and on that same date they also chose to file a Motion for Temporary Restraining Order and Preliminary Injunction and an Answer and Counterclaim. *See* Exs. B, C, D, & E to Motion to Remand. Simply stated, the procedural facts of this matter fit squarely into the 10th Circuit's holding in *Soto Enterprises* and the Court should grant the motion to remand.

## II. THE COURT SHOULD AWARD PLAINTIFF ITS EXPENSES, INCLUDING ATTORNEY FEES, BECAUSE DEFENDANTS LACKED AN OBJECTIVELY REASONABLE BASIS TO REMOVE.

Defendants' response provides this Court with no evidence to conclude that Defendants had an objectively reasonable basis to remove this case. Rather, as discussed, Defendants' brief ignores the 10th Circuit's bright-line rule and cites to two irrelevant decisions. Indeed, even if Defendants were unaware of the bright-line rule when they filed their notice of removal (which is not an excuse), plaintiff's counsel's meet-and-confer email specifically referenced the *Soto Enterprises* decision and quoted its holding. *See* Ex. A to Motion to Remand. At that point, Defendants knew or should have known that their removal was improper. In fact, based on the lack of any plausible argument in their opposition brief, Defendants never had an objectively reasonable basis for challenging Plaintiff's Motion to Remand, and Defendants never should have required Plaintiff to incur the costs of filing the Motion.

Further, Defendants' failure to address the governing law reflects a willingness on their part to waste this Court and Plaintiff's time and resources such that granting Plaintiff its expenses is proper. *Kuperstein v. Hoffman-Laroche*, Inc., 457 F.Supp.2d 467, 474 (S.D.N.Y. 2006) ("Roche's failure to address the governing law or accurately represent the factual allegations of the Complaint reflects a willingness on its part to waste the time of this Court and of opposing counsel. As a result, plaintiffs' request to recover the costs, disbursements, and reasonable attorneys' fees incurred in moving to remand is granted."); *Casey v. Williams Production RMT Co.*, 599 F.Supp.2d 1250, 1252 (D. Colo. 2008) ("[B]oth Cyclone and Williams appear to have demonstrated an unwarranted recalcitrance when they opposed Plaintiffs' Motion for Remand, but failed to address the issue of the untimely filing. As such, the Court considers

Cyclone's and Williams' filings to have been an abuse and waste of the Court's and the parties' time and resources. . . . As such, Cyclone and Williams shall submit to the Court within ten days of the date hereof an explanation as to why Plaintiffs' request for reasonable fees and costs incurred as a result of having to respond to the Notice of Removal should not be granted."). Indeed, § 1447(c) is designed to avoid situations such as this, where a plaintiff is forced to incur unnecessary attorney fees to have a case remanded when the legal basis for remand is beyond dispute.

Additionally, the fact is that Defendants' removal was done for the improper reason of avoiding the state court preliminary injunction hearing. As set forth in Plaintiff's Motion to Remand, prior to removing the case, Defendants made numerous attempts to avoid the hearing, including by filing a motion to reset the hearing date, motion to quash service of the complaint, motion to dismiss, and motion for temporary restraining order. When the state court denied all of those motions, Defendants removed the case, perfecting that removal only an hour before the preliminary injunction hearing. Simply put, removal should not be used as a last-ditch litigation tactic to deprive a litigant of its right to seek timely injunctive relief.

Finally, there is no merit to Defendants' argument that the Court should not award Plaintiff its expenses because Mr. O'Connor allegedly sustained traumatic brain injuries decades ago and is entitled to *pro se* deference. *See* Response at 12-13. As discussed in Plaintiff's Motion, the 10th Circuit already addressed the *pro se* issue and found that Mr. O'Connor is not entitled to deference. *O'Connor v. St. John's Coll.*, 290 F. App'x 137, 139-40 (10th Cir. 2008). Further, Mr. O'Connor's claims of mental incapacity must be considered in light of the fact that ten years after his accident he was working – albeit without proper licensing – as an assistant

public defender in New Mexico. *The Florida Bar v. O'Connor*, 945 So.2d 1113, 1117 (Fl. 2006) ("O'Connor was apparently hired as an assistant public defender in New Mexico in July 2002."). The fact is that Defendants knew exactly what they were doing when they removed this case to federal court, understood at all relevant times that their position lacked an objectively reasonable legal basis, and Plaintiff is therefore entitled to its expenses.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order remanding this matter to state court and awarding Plaintiff its attorney fees and costs.

DATED this 2nd day of January 2019.

> BALLARD SPAHR LLP
>
> By:  *s/ David M. Stauss*
>       David M. Stauss
>       J. Matthew Thornton
> 1225 17th Street, Suite 2300
> Denver, CO  80202
> Phone:  303-292-2400
> Facsimile:  303-296-3956
> staussd@ballardspahr.com
>
> **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, a true and correct copy of the foregoing **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS EXPEDITED MOTION TO REMAND** was served via email on the following:

>Andrew J. O'Connor
>oconnorandrew@hotmail.com
>
>Mary E. Henry
>meandgriff@gmail.com

*s/ Darlene D. Dethlefs*
Darlene D. Dethlefs
