FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2019 JAN -2 PM 1:51
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 18-cv-03158-GPG

COMCAST OF COLORADO I LLC,

   Plaintiff,

v.

ANDREW J. O'CONNOR and MARY E. HENRY, individually,

   Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS EXPEDITED MOTION TO REMAND**

---

**COMES NOW,** Pro Se Defendants Andrew J. O'Connor and Mary E. Henry ("Defendants") and submits Defendants' Response in Opposition to Plaintiff's Reply Brief in Support of Its Expedited Motion to Remand and respectfully requests that the Court **deny** Plaintiff's Expedited Motion to Remand and as grounds therefore states as follows.

### ARGUMENT

   I.  **PRO SE DEFENDANTS DID NOT WAIVE REMOVAL AND THIS CASE SHOULD REMAIN IN FEDERAL COURT BECAUSE JURISDICTION IS PROPER, THERE ARE SEVERAL FEDERAL QUESTIONS AND THIS CASE IS GOVERNED UNDER FEDERAL LAW, INCLUDING THE CABLE COMMUNICATION POLICY ACT OF 1984, 47 U.S.C. § 1541.**

Pro Se Defendants did not waive removal and this case should remain in Federal Court because jurisdiction is proper and there are several Federal Questions as well as the fact

that this matter is governed under Federal law, including The Cable Communication Policy Act of 1984, 47 U.S.C. § 1541.

This case should remain in Federal Court and should not be remanded because Pro Se Defendants properly removed this case to Federal Court pursuant to 28 U.S.C. § 1447. On December 10, 2018, the state court closed the lower court case confirming that the case was properly removed to Federal Court. Venue and jurisdiction were improper in District Court, Boulder County, Colorado because Plaintiff continually cites in its pleadings The Cable Communication Policy Act of 1984, 47 U.S.C. § 1541 as the governing, substantive Federal law that is controlling in this action and even repeatedly states in its pleadings that is well established Federal law. Furthermore, Plaintiff wrongly originally brought this action in bad faith in state court in order to attempt an end around of this Court by avoiding trying this case on the merits by falsely claiming that Pro Se Defendants violated an erroneously temporary restraining order that should never have been entered in the first place.

The reason that Plaintiff filed Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction in the wrong court in Boulder District Court is because Plaintiff wanted to do an end around and does not want litigate this case on the merits in Federal Court. There are really only two core questions in this case which are:

   a. Is Comcast a public utility in Colorado and the U.S.?
   b. Does Comcast have an express easement on Pro Se Defendants' private property?

The answer to both questions is an unequivocal **"NO"**. The Plaintiff knows that it will

2

lose on the merits in Federal Court. Again, that is the reason that for the attempted end around by Plaintiff in filing the Motion for Temporary Restraining Order and Preliminary Injunction in the wrong state court

In its reply, Plaintiff ignores the holding and exception articulated *City of Albuquerque v. Soto Enterprises, Inc.,* 864 F.3d 1089 (10th Cir. 2017). Again, Plaintiff erroneously relies upon and misstates the holding in said case and which is inapplicable to the present case for several reasons as follows:

In order to challenge the sufficiency of removal to Federal Court, the Plaintiff must establish that the Federal Court lacks subject matter jurisdiction ***and*** a defect in removal exists. The Plaintiff's argument fails on both counts and it cannot establish either requirement. The Federal Court has subject matter jurisdiction in this case because Plaintiff's unlawful actions have deprived Pro Se Defendants of their rights under the 4th and 5th Amendments of the U.S. Constitution and Plaintiff's lawsuit clearly generates Federal questions under the Cable Communication Policy Act of 1984, 47 U.S.C. § 1541, which they say is well established Federal law.

Even different Federal District Courts disagree about whether waiver by participation even falls within either of § 1447 (c) two bases. *Henry v. UTE Indian Tribe of Uintah & Ouray Reservation,* 757 F. 3d 800, 804 (10th Cir. 2015). Pro Se Defendants don't believe that it does. In the present case, there is neither lack of subject matter jurisdiction nor any defect. Pro Se Defendants did not fail to comply with the statutory requirements for removal; consequently, there is no defect. *Rotner,* 879 F.2d 1407-08.

Plaintiff erroneously and disingenuously argues "waiver by participation." Waiver by participation does not apply to the present case. Pro Se Defendants immediately filed Notice of Removal Pursuant to 28 U.S.C. § 1446 (a) on November 10, 2018 and properly removed the case to Federal Court. In fact, there was no discovery, no argument, and the only hearing was on December 10, 2018, and lasted less than ten (10) minutes. There was no "waiver by participation" by Pro Se Defendants. *Rotner v. City of Chicago*, 879 F. 2d 1407, 1409 (7th Cir. 1989). Furthermore, there was never *a willingness to litigate in state court.* In fact, it is exactly the opposite because by Pro Se Defendants filed Notice of Removal Pursuant to 28 U.S.C. § 1446 (a) on December 10, 2018. By doing so, Pro Se Defendants demonstrated their willingness to litigate this case on the merits in Federal Court.

Finally, *City of Albuquerque* case articulates an ***exception*** which clearly applies to the Pro Se Defendants as follows:

*We will not find a waiver of the right to remove when a state's procedural rules compel a defendant's state court participation. For this exception to apply, we look potential harm to defendant. May v. Board of County Commissioners*, 945 F. Supp. 2d 1277 (D.N.M. 2013).

The Colorado Rules of Civil Procedure compelled Pro Se Defendants to file pleadings, answer and affirmative defenses or they are deemed waived. If Pro Se Defendants failed to comply with the Colorado Rules of Civil Procedure and failed to file pleadings, answer and affirmative defenses in state court then they would have suffered grievous harm to the case. There would have been serious harm to Pro Se Defendants if they had

4

not filed responses. Again, it must be noted that Plaintiff sued Pro Se Defendants.

This case was properly removed to Federal Court because there is subject matter jurisdiction because Plaintiff's unlawful actions have deprived Pro Se Defendants of their rights under the 4th and 5th Amendments of the U.S. Constitution and Plaintiff's lawsuit clearly generates Federal questions under the Cable Communication Policy Act of 1984, 47 U.S.C. § 1541, as well as under the 4th and 5th Amendments of the U.S. Constitution. There is subject matter jurisdiction and there were no defects in removal; consequently, *City of Albuquerque* does not apply to the present case and even if it did, then the exception articulated in said case applies to Pro Se Defendants.

This case involves several Federal questions that arise under the Cable Communication Policy Act of 1984, 47 U.S.C. § 1541, as well as under the 4th and 5th Amendments of the U.S. Constitution that must be litigated and determined under Federal law. Furthermore, diversity of citizenship exists pursuant to 28 U.S.C. § 1332 (a) because Plaintiff is an out of state corporation with its principal place of business located in Philadelphia, Pennsylvania and Pro Se Defendants are residents of Lafayette, Colorado.

The question of whether a U.S. citizen's private property rights are subordinated to the commercial interests of a private company is a Federal question and is a matter to be determined under Federal law. This case implicates both the 4th and 5th Amendments of the U.S. Constitution. The 4th Amendment is implicated because State Action is involved because Plaintiff used the Lafayette Police Department in order to try to get Pro Se Defendant O'Connor arrested and the police harassed, intimidated and threatened Pro Se Defendants on several occasions. The 4th Amendment states:

5

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

The 5th Amendment further protects private property and states:

*No person shall be ... deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.*

Plaintiff has attempted a taking of Pro Se Defendants' private property and refused to compensate Pro Se Defendants. Plaintiff's unlawful and unconstitutional actions have deprived Pro Se Defendants of their rights under the 4th and 5th Amendments of the U.S. Constitution. Plaintiff's lawsuit clearly generates Federal questions under The Cable Communication Policy Act of 1984, 47 U.S.C. § 1541, as well as under the 4th and 5th Amendments of the U.S. Constitution. It is telling that Plaintiff does not discuss Federal Question jurisdiction nor the fact that the governing law is Federal law, including The Cable Communication Policy Act of 1984, 47 U.S.C. § 1541.

### II. THE COURT SHOULD SANCTION PLAINTIFF'S ATTORNEYS AND AWARD PRO SE DEFENDANTS ATTORNEY FEES AND COSTS BECAUSE PLAINTIFF LACKED AN OBJECTIVELY REASONABLE BASIS TO FILE EXPEDITED MOTION TO REMAND AND THIS CASE IS FRIVOLOUS AND PLAINTIFF BROUGHT THIS CASE IN BAD FAITH.

Plaintiff incorrectly argues that Pro Se Defendant O'Connor is not entitled to pro se deference because he is a *trained attorney*. Plaintiff fails to mention Defendant's wife who is not a trained attorney. Plaintiff goes on to character assassinate Pro Se Defendant O'Connor by misstating and mischaracterizing an irrelevant case from 2007, which has nothing to do with the merits of this case. What Plaintiff intentionally left out is that Pro Se Defendant O'Connor was nearly killed when he was hit head-on by a drunk driver in Florida in 1992 and suffered multiple blunt trauma injuries including a traumatic brain injury resulting in being hospitalized for over thirteen (13) months and that he was placed on the Florida Bar's inactive list for medical incapacity not related to misconduct. There was no material misrepresentation made to the New Mexico Supreme Court and Pro Se Defendant O'Connor was and Pro Se Defendant was always in good standing with the Florida Bar. What does any of that have to do with this case? Plaintiff's attorneys should be sanctioned for their bad faith misconduct.

Plaintiff knows that it is losing this case on the merits and has resorted to defaming and character assassinating Pro Se Defendant O'Connor in an attempt to deflect this Court from the merits and attempt to demean and discredit him. Plaintiff should be sanctioned for this outrageous conduct.

Again, Pro Se Defendant O'Connor is not the only person that Plaintiff sued because Plaintiff sued both Pro Se Defendant O'Connor and his wife Pro Se Defendant Henry and Pro Se Defendant Henry is clearly entitled to pro se deference. In fact, both Pro Se Defendants are clearly entitled to pro se deference.

It is, in fact, Plaintiff that has wasted this Court's time and resources and granting Pro Se Defendants attorney fees and costs is proper. *Kuperstein v. Hoffman –Laroche, Inc.*, 457 P. 2d 467, 474 (S.D. N.Y. 2006). Plaintiff sued Pro Se Defendants. Plaintiff should never have brought this case to begin with because the case was brought in bad faith and is frivolous. Plaintiff has the unmitigated gall to continually lie to this Court and complain because Pro Se Defendants are defending themselves from a frivolous and bad faith action that Plaintiff brought. From the beginning, Plaintiff and its attorneys have acted in bad faith and tried to bully, intimidate, abuse and harass Pro Se Defendants who are merely trying to protect their private property rights. This case should never have been brought in the first place and Plaintiff could have paid Pro Se Defendants $1,000.00 to access their property months ago.

Finally, the Court should consider the Plaintiff's material misrepresentations, defamation, threats, abusive misconduct and the intimidating and harassing tactics employed by Plaintiff as well as the frivolous and bad faith nature of this litagation and award Pro Se Defendants attorney fees and costs.

## CONCLUSION

**WHEREFORE,** based upon the foregoing, Pro Se Defendants Andrew J. O'Connor and Mary E. Henry respectfully request that this Court **deny** Plaintiff's Expedited Motion to Remand and grant any such further relief that the Court deems just and proper including sanctions against Plaintiff and award Pro Se Defendants attorney fees and costs.

**Dated:** January 2, 2019

Respectfully submitted,
**ANDREW J. O'CONNOR AND MARY E. HENRY**

By: *[signature]*
Pro Se Defendants
Andrew J. O'Connor and Mary E. Henry
1220 W. Devonshire Court
Boulder, CO 80026
Telephone: (303) 882-1693 and (303) 919-7124
Email: oconnorandrew@hotmail.com
Email: meandgriff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January 2019, a true and correct copy of **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS EXPEDITED MOTION TO REMAND** was emailed and/or deposited in the United States Mail, first-class postage prepaid and addressed to:

Ballard Spahr
**Attn: J. Matthew Thornton**
1225 17th Street, Suite 2300
Denver, CO 80202
Tel: (303) 292-2400
Fax: (303) 296-3956
Email: thorntonj@ballardspahr.com
*Attorneys for Plaintiff*

**ANDREW J. O'CONNOR**

*[signature]*
Andrew J. O'Connor