**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-03158-GPG
(State of Colorado, Boulder County District Court, Case No. 2018CV31084)

COMCAST OF COLORADO I, LLC,

      Plaintiffs,

v.

ANDREW J. O'CONNOR, and
MARY E. HENRY,

      Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

---

      On December 10, 2018, Defendants Andrew J. O'Connor and Mary E. Henry filed *pro se* a Notice of Removal. (ECF No. 1).[1]  Defendants, residents of either Boulder or Lafayette, Colorado, removed to this Court a "Verified Complaint" filed against them on November 21, 2018, in Boulder County, Colorado, District Court regarding a property easement and a claim based on the Cable Communications Policy Act of 1984, 47 U.S.C. § 541(a)(2).  Defendants assert original subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 & 1332(a).

      On December 11, 2018, the Court ordered Defendants to cure designated deficiencies. (ECF No. 5).  Specifically, Defendants were ordered to either pay the $400.00 filing fee or submit motions to proceed *in forma pauperis*.  The same day,

---

[1] "(ECF No. 4)" identifies the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This manner of identifying a document is used throughout this order.

Defendants filed motions to proceed *in forma pauperis* (ECF No. 6) and a Motion for a Temporary Restraining Order (ECF No. 7).  On December 12, 2018, Plaintiff filed an Emergency Motion to Remand to State Court (ECF No. 8) and a Motion to Expedite Ruling on Motion to Remand (ECF No. 9).  On December 14, Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (ECF No. 10), an Answer (ECF No. 11), and a Motion for Extension of Time to respond to Motion to Remand (ECF No. 12). On December 18, 2018, the Court denied Defendants' motion for an extension of time and ordered that Defendants had ten days to file a response to Plaintiff's Motion to Remand. (ECF No. 14).  Following Defendants' amended motion for extension of time (ECF No. 15) and an expedited motion for extension of time (ECF No. 17), which were denied (ECF Nos. 16 & 20), Defendants filed a Motion for Magistrate Judge Gordon P. Gallagher to Recuse Himself on December 27, 2018, (ECF No. 21), and a Response in Opposition to Plaintiff's Motion to Remand on December 28, 2018, (ECF No. 22).

The Court must construe the Defendants' submitted documents liberally because they are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Plaintiff's Emergency Motion to Remand to State Court will be granted.  All other pending motions will be denied as moot.

## I.    Background

According to Plaintiff, since July 2018, Comcast has been engaged in a project to launch an "Advanced Fiber Network Project" ("Project") in the City of Lafayette, Colorado.  As part of the Project, Comcast representatives must access Defendants' property located in Lafayette.  Comcast alleges it has the legal right to access the

property because of a public utility easement granted to the City of Lafayette and a Cable Franchising Agreement entered into by and between the City of Lafayette and Comcast.

Defendants have continually blocked Comcast's access to the easement.  After months of trying to resolve the issue, including involving the Lafayette Police Department, Plaintiff filed a Verified Complaint against Defendants in Boulder County District Court on November 21, 2018.  On November 29, 2018, the Boulder County District Court granted Comcast's Motion for a Temporary Restraining Order ("TRO") and entered a TRO, which precluded Defendants from denying Comcast access to the easement on the Property located at 1220 Devonshire Court, Lafayette, Colorado, and also precluded Defendants from interfering with Comcast's installation, construction maintenance, or repair of cable system facilities in the easement.  The Court set a hearing on Plaintiff's Motion for Preliminary Injunction for December 10, 2018, at 1:30 p.m.

On December 6, 2018, Defendants filed a Motion to Dismiss, pursuant to Colo. R. Civ. P. 12(b)(5), arguing that the Verified Complaint failed to state a claim. (ECF No. 8-2 at 7).  On December 7, 2018, Defendants filed a Motion for TRO and Preliminary Injunction, as well as an Answer and Counterclaim.  The same day, the Court denied Defendants' Motion to Dismiss.  On December 10, 2018, the Court denied Defendants' Motion for TRO and Preliminary Injunction.

Following the issuance of Plaintiff's TRO, Comcast attempted to access Defendants' property on December 5, 2018.  However, Defendants, who Plaintiff alleges were home, did not answer their door.  Comcast left a letter asking Defendants

3

to contact Plaintiff's counsel to arrange a specific time for Comcast to access the easement, but Defendants have failed to do so.

Defendants filed their Notice of Removal with this Court on December 10, 2018, at 10:42 a.m., just hours before the state court hearing on Plaintiff's preliminary injunction was scheduled to take place.

Plaintiff argues that the action should be remanded to state court because Defendants waived their right to remove the action to federal court based on their active participation in litigating the case in state court, including filing a motion to dismiss. Defendants argue that they properly removed the action to federal court because the claim is based on a federal statute and the action poses several important federal questions. Additionally, Defendants argue that they did not willingly participate in the state court proceedings.

## II.   Analysis

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. Appx. 81, 83 (10th Cir. 2005) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Under the well-pleaded complaint rule, "a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (citations omitted).  Plaintiff apparently concedes that the suit is based on federal law and the Court is satisfied that it has subject matter jurisdiction.  However, Plaintiff argues that Defendants waived their removal right by participating in the state court proceedings.

The right to remove a case to federal court may be waived by not acting within the statutory removal deadlines. *See Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999). In addition, a defendant waives removal by taking some substantial offensive or defensive action in the state court action—which includes filing a motion to dismiss —indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017) ("Waiver by participation ... concerns the situation where a defendant has participated in the state court before seeking removal."). "[A]s a procedural, common-law limitation, waiver by participation doesn't implicate subject-matter jurisdiction" or statutory defects in removal under 28 U.S.C. § 1447(c). *Id.* at 1093, 1097. Instead, a district court retains "inherent power to remand" a case based on a defendant's waiver by participation in state court proceedings. *Id.* at 1098, n.12. (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 (11th Cir. 1999)).

In *Soto Enterprises*, the Tenth Circuit concluded that defendant Soto had waived its removal right by filing a motion to dismiss in state court a mere hour and twenty minutes before filing its notice of removal. *Id.* at 1091, 1098. Though Soto had not

sought a hearing on the motion, its conduct in filing the motion seeking the state court's

adjudication of the substantive merits of the plaintiff's claims "showed its *objective* intent

to remain in state court" and "foreclosed its removal right." *Id.* at 1098. The Circuit

pronounced the wavier rule as follows:

> We hold that when a defendant files a motion to dismiss
> seeking disposition, in whole or in part, on the merits in state
> court before removing the case to federal court, it manifests
> a "clear and unequivocal" intent to submit the case to the
> state court's jurisdiction, and thus waives removal. We favor
> a bright-line rule to avoid piecemeal litigation that would
> distinguish cases based on the length of delay between
> motions to dismiss and motions to remove and based on any
> number of like considerations.

*Id.* at 1099. The Circuit also crafted an exception, stating that wavier would not be found

where a state's procedural rules compelled a defendant's state-court participation. *Id.*

The Circuit found "potential harm to defendants" salient to the application of the

exception. *Id.* For example, if on remand a defendant would lose its opportunity to file a

motion to dismiss due to the workings of a state procedural rule, the court would not

apply the wavier rule. *Id.*

In light of the holding in *Soto Enterprises*, the waiver rule's application to this

case is straightforward. The record of state court proceedings prior to Defendants'

removal demonstrates that Defendants clearly and unequivocally waived their removal

right by filing its motion to dismiss in the state court prior to removal.  Defendants'

motion to dismiss was based on Colo. R. Civ. P. 12(b)(5), for "failure to state a claim."

(*See* ECF No. 8-2).  Additionally, Defendants also filed a motion Temporary Restraining

Order (*see* ECF No. 8-4), and asserted a Counterclaim (*see* ECF No. 8-5).  Such

actions further demonstrate Defendants' willingness to litigate this action in state court.

6

Finally, the court finds the timing of Defendants' removal significant here.  Despite being aware of the basis of the claim that triggered removal well before they did so, Defendants removed this case only *after* it received an unfavorable decision in the state court regarding Plaintiff's Temporary Restraining Order and just hours before a scheduled hearing in state court regarding Plaintiff's Preliminary Injunction.

The exception to the waiver rule identified in *Soto Enterprises* does not apply in this case.  Colorado's civil rules required Defendants to file an answer with defenses within 21 days of service of the summons within the state, or any motion making defenses "before pleading if a further pleading is permitted." *See* Colo. R. Civ. P. 12(a) & (b). Defendants were served on November 29, 2018 (*see* ECF No. 1 at 4). Therefore, they had until December 20, 2018 to file an answer or a motion to dismiss.  Instead, they filed a motion to dismiss in state court on December 6, 2018, and then, on December 7, 2018, they filed a Motion for TRO and Preliminary Injunction, and an Answer and Counterclaim.   Based on these facts, Defendants have demonstrated a willingness to litigate this action in state court and they have waived their right to remove the action.  As a result, the action will be remanded to state court.

Finally, Plaintiff requests that the Court award Plaintiff its expenses, including attorney fees, because Defendants lacked a reasonable objective basis for removing this action.  Courts may award expenses and attorney fees if a party lacks a reasonable objective basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). Plaintiff argues that Defendants' filings should not be construed liberally because Defendant O'Connor was trained as an attorney, although he is currently not practicing.  Plaintiff further states that even if Defendants were unaware of the "bright-

line" rule of *Soto Enterprises* when they filed the Notice of Removal, Plaintiff informed them of the rule in a "meet and confer" email.

The Plaintiff's request for expenses, including attorney fees, is denied.  Although, as discussed above, the Court is suspect of the timing of the removal of this action, the circumstances do not justify an award of expenses.  Plaintiff's action is clearly based on federal law.  Further, as Plaintiff itself notes, the waiver situation in *Sotos Enterprises* is "rare."  Therefore, the Court cannot conclude that the *pro se* Defendants, one of whom has training as an attorney but has suffered from a traumatic brain injury, lacked a reasonable objective basis for removing this action.

Accordingly, it is

ORDERED that Plaintiff's Emergency Motion to Remand to State Court (ECF No. 8) is GRANTED.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.  It is

FURTHER ORDERED that this action is remanded to the Boulder County District Court.  It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk for the Boulder County District Court.  It is

FURTHER ORDERED that this case is closed.

DATED at Denver, Colorado, this 8th day of January, 2019.

BY THE COURT:

  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court