IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03158-LTB
(State of Colorado, Boulder County District Court, Case No. 2018CV31084)

COMCAST OF COLORADO I, LLC,

    Plaintiffs,

v.

ANDREW J. O'CONNOR, and
MARY E. HENRY,

    Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION AND STRIKING NOTICES OF REMOVAL

---

    This matter is before the Court on Defendants' Motion to Reconsider (ECF No. 27), filed on January 10, 2019, requesting the Court to reconsider its January 8, 2019 Order Granting Plaintiff's Motion to Remand.  Additionally, on January 10, 2019, Defendants also filed a Second Notice of Removal (ECF No. 28), and on January 16, 2019, they filed another Notice of Removal (ECF No. 32).

    The Court must construe the Plaintiffs' filings liberally because they are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion to reconsider will be denied.

    "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," unless the state case was removed pursuant to 28

1

U.S.C. § 1442 (cases involving federal officers or agencies sued or prosecuted) or § 1443 (specific civil rights cases). 28 U.S.C. § 1447(d). This case was not removed pursuant to §1442 or § 1443 and, therefore, it initially appears as though the language of § 1447(d) would not allow the Court to review its prior decision to remand. However, "the application of §1447(d) is not as broad as its language suggests . . . ." *In re Stone Container Corp.*, 360 F.3d 1216, 1218 (10th Cir. 2004) (citations omitted) (holding that appellate review is barred by §1447(d) only when the district court remands on grounds permitted by §1447(c)). The nonreviewability rule of § 1447(d) only applies to remands based on a defect in removal procedure or lack of subject matter jurisdiction. *See Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 349–52, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *In re Stone Container Corp.*, 360 F.3d at 1218.

In this case, the January 9 Order Granting Plaintiff's Motion to Remand (ECF No. 26) was not based on a defect in removal procedure or a lack of subject matter jurisdiction. Instead, the action was remanded because Defendants waived their removal right by participation in the state court litigation. The January 9 Order specifically noted that "'as a procedural, common-law limitation, waiver by participation doesn't implicate subject-matter jurisdiction' or statutory defects in removal under 28 U.S.C. § 1447(c)." (ECF No. 26 at 5 (quoting *City of Albuquerque v. Solo Enters., Inc.*, 864 F.3d 1089, 1093, 1097 (10th Cir. 2017))). Thus, this action was not remanded pursuant to a defect in removal procedure or a lack of subject matter jurisdiction. As a result, § 1447(d) does not prevent the Court from reconsidering the order to remand.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Defendants' January 10 motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Order Granting Plaintiff's Motion for Remand was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court remanded this action because Defendants clearly and unequivocally waived their removal right by filing a motion to dismiss and actively litigating the action in the state court prior to removal. The January 9 order discusses in detail the reasons for the remand.

Upon consideration of the motion and the entire file, the Court finds that Defendants fail to demonstrate some reason why the Court should reconsider and vacate the order of remand. Defendants' motion to reconsider does not alter the Court's

3

conclusion that this action was properly remanded. Therefore, the motion to reconsider will be denied.

Additionally, Defendants' Second Notice of Removal (ECF No. 28), and Notice of Removal (ECF No. 32), are improperly filed documents in this action and will be stricken. *See Maggio Enters., Inc. v. Hartford Cas. Ins. Co.*, 132 F. Supp. 2d 930, 931 (D. Colo. 2001) (stating that an Amended Notice of Removal filed after the action was remanded to state court is a legal nullity and must be stricken).

Accordingly, it is

ORDERED that Defendants' Motion to Reconsider (ECF No. 27) is DENIED. It is

FURTHER ORDERED that Defendants' Second Notice of Removal (ECF No. 28), and Notice of Removal (ECF No. 32), are improperly filed documents in this action and are STRICKEN.

DATED at Denver, Colorado, this  24th  day of   January   , 2019.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court