FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*8:07 am, Oct 04, 2021*
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 18-CV-03158

COMCAST OF COLORADO I LLC,

   Plaintiff,

v.

ANDREW J. O'CONNOR and MARY E. HENRY, individually,

   Defendants.

---

### DEFENDANTS' MOTION TO REOPEN PURSUANT TO F.R.C.P. RULE 60 (b)

---

**COMES NOW**, Defendants Andrew J. O'Connor and Mary E. Henry ("Defendants") and submit their Motion to Reopen Pursuant to F.R.C.P. Rule 60(b) and as grounds therefore states the following:

### CERTIFICATION PURSUANT TO D. C. COLO. L Civ R 7.1

On September 28 and 29, 2021, Defendants made a good faith duty to confer regarding the relief requested in this motion; however, Plaintiff's counsel has not responded back to Defendants.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2018, Plaintiff filed Verified Complaint against Defendants in District Court, County of Boulder, Case No. 2018CV31084. On December 10, 2018. Defendants filed Notice of Removal Pursuant to 28 U.S.C. 1446 (a) from District Court, County of Boulder, Case No: 2018CV31084 to the U.S. District Court, District of Colorado, Civil Action No. 18-cv-03158 and the case was assigned to U.S. District

1

Senior Judge Lewis T. Babcock ("Babcock"). Unbeknownst to Defendants and according to a Wall Street Journal article *131 Federal Judges Broke the Law by Hearing Cases Where They Had a Financial Interest* published on September 28, 2021, Babcock broke the law and he was corrupt because he owned between $15,001.00 and $50,000.00 of Comcast stock and refused to recuse himself from presiding over the case in violation of Federal law. Upon best information and belief, Plaintiff's attorneys knew that Babcock owned between $15,001.00 and $50,000.00 of Comcast stock and wanted it that way because they knew that he would rule to protect Comcast and against Defendants in order to protect his financial interests which were one in the same as Comcast's financial interests. Accordingly, Babcock, Comcast and Comcast's attorneys are equally corrupt and broke the law.

On December 11, 2018, Defendants filed Application to Proceed in District Court Without Prepaying Fees or Costs, Motion for Temporary Restraining Order and Motion for Preliminary Injunction. On September 12, 2018, Plaintiff filed Emergency Motion to Remand to State Court and Motion to Expedite Ruling on Plaintiff's Motion to Remand. On September 14, 2018, Defendants filed Defendants' Motion to Dismiss Pursuant to Rule 12 (b) (5) F.R.C.P., Defendants' Answer and Counterclaim and Motion for Extension of Time. On September 17, 2018, Defendants filed Amended Motion for Extension of Time Pursuant to Rule 6(b) F.R.C.P. On September 18, 2018, the Federal Court entered a Minute Order denying Defendants" Motion for Extension of Time finding that Defendants did not have good cause for requesting an extension of time yet Plaintiffs did have good cause to expedite the decision and the fix was in. On September 19, 2018, the Federal Court entered a Minute Order denying Defendants' Motion for

Extension of Time Pursuant to Rule 6 (b) of F.R.C. P. On September 19, 2018, Defendants filed Expedited Motion for Extension of Time Pursuant to Rule 6 (b) of F.R.C. P. On September 20, 2018, Plaintiff filed Motion to Stay, Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion to Dismiss. On September 21, 2018, Defendants filed Response in Opposition to Motion to Stay, Motion for Temporary Restraining Order and Motion to Dismiss. On September 24, 2018, the Federal Court entered a Minute Order denying Defendants' Expedited Motion for Extension of Time Pursuant to Rule 6 (b) of F.R.C. P., with Babcock disparaging Defendant O'Connor because Babcock owned between $15,001.00 and $50,000.00 of Comcast stock.

On September 27, 2018, Defendants filed Motion to Recuse Magistrate Gallagher pursuant to 28 § 45 U.S.C. because of Discrimination against Pro Se Defendants and violations of the ADA; Gallagher was Babcock's Magistrate and Defendants did not know that Babcock owned between $15,001.00 and $50,000.00 of Comcast stock. On September 28, 2018, Defendants filed Response in Opposition to Emergency Motion to Remand to State Court. On January 2, 2019, Plaintiff filed Reply to Response to Emergency Motion to Remand to State Court filed by Plaintiff Comcast of Colorado I. LLC. On January 2, 2019, Defendants filed Response in Opposition to Plaintiff's Reply in Support of it's Expedited Motion to Remand. On January 3, 2019, Defendants filed Motion for Recusal of Magistrate Judge Gallagher; Gallagher was Babcock's Magistrate and Defendants did not know that Babcock owned between $15,001.00 and $50,000.00 of Comcast stock. On January 8, 2019, Babcock entered Order granting Plaintiff's Motion to Remand Plaintiff's Emergency Motion to Remand to State Court and

3

remanded Civil Action No. 18-cv-03158, back to District Court, County of Boulder, Case No: 2018CV31084 and denied all pending motions while owning between $15,001.00 and $50,000.00 of Comcast stock. On January 9, 2019, Babcock entered Order Granting Plaintiff's Motion to Remand while owning between $15,001.00 and $50,000,00 of Comcast stock. On January 10, 2021, Defendants filed Motion to Reeconsider and Second Notice of Removal from District Court, County of Boulder Case No. 2018CV31084, and Notice of Appeal. On January 24, 2019, Babcock entered Order Denying Motion for Reconsideration and Striking Notices of Removal while owning between $15,001.00 and $50,000.00 of Comcast stock.

## ARGUMENT

**Standards for Rule 60 (b) F.R.C.P., Motion to Reopen**

Rule 60. Relief From a Judgment or Order (b) Grounds for Relief From a Final Judgment, Order. Or Proceeding. On motion and just terms, the court may relieve a party or its legal representation from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect:

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment void;

4

(5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

On September 28, 2021, the Wall Street Journal published *131 Federal Judges Broke the Law by Hearing Cases Where They Had a Financial Interest.* In said article, the Wall Street Journal wrote that United States District Court, District Court for Colorado, Senior Judge Lewis T. Babcock ("Babcock") broke the law and that he was corrupt because he owned between $15,001.00 and $50,000.00 of Comcast stock and refused to recuse himself from presiding over our case in violation of Federal law. Babcock oversaw our case in which Comcast sued us because we would not let Comcast trespass on our private property because they lacked a public utility easement. Again, and it bears repeating, Babcock ruled in Comcast's favor and against us while holding between $15,001.00 and $50,000.00 of Comcast stock.

When we told Comcast that they could not trespass on our private property because they did not have a public utility easement, Comcast sued us requesting a temporary restraining order and permanent injunction. Comcast workers threatened and harassed us. We asked Babcock to protect us from Comcast, a very powerful, multi-billion-dollar, multi-national corporation and issue an order blocking Comcast from accessing our property. Comcast workers bullied us, scared us and our 10-year-old daughter and injured our dog Einstein. Babcock, ruled against us falsely stating that we had continually blocked Comcast's access to the easement and sent the case back to state court like Comcast wanted. When the Wall Street Journal asked Babcock why violated the recusal

rule, he failed to accept responsibility and blamed flawed internal procedures. Babcock's inherent dishonesty and explanation is unacceptable and he refuses to take person responsibility and he is an embarrassment to The United States District Court for The District of Colorado. Babcock must be held accountable, removed from the bench, disbarred, lose his pension and be criminally prosecuted. Based upon Babcock's criminal misconduct and bias against us because he held between $15,001.00 and $50,000.00 of Comcast stock while presiding over our case this case must be reopened and the case assigned to another judge. Upon best information and belief, Plaintiff's attorneys knew that Babcock owned between $15,001.00 and $50,000.00 of Comcast stock and wanted it that way because they knew that he would rule to protect Comcast and against Defendants in order to protect his financial interests which were one in the same as Comcast's financial interests.

Accordingly, Babcock, Comcast and Comcast's attorneys are equally corrupt and broke the law. In fact, on June 28,2021, Comcast's attorney Matt Thornton of Ballard Spahr, engaged in fraudulent misrepresentation and fraudulently induced Defendants when he telephoned Defendant O'Connor and pressured him and his wife to sign a settlement agreement threatening hundreds of thousands of dollars in attorney's fees against us because Thornton knew that the Wall Street Journal was about to publish the story outlining Babcock's, Thornton's and Comcast's corruption. Thornton should be disbarred and sanctioned accordingly.

Fraud, whether intrinsic or extrinsic, misrepresentation, or other misconduct or other misconduct of an adverse party are express grounds for relief by motion under amended subdivision(b). *Fiske v. Buder*, C.C.A. 8th, 1942, 125 F.2d 841.

## CONCLUSION

**WHEREFORE,** based upon the foregoing, Defendants Andrew J. O'Connor and Mary E. Henry respectfully request that this Honorable Court **grant** their Motion to Reopen Pursuant to F.R.C.P. Rule 60(b) and assign another judge and award attorney fees and costs and grant any such further relief that this Court deems appropriate.

**Dated:** October 1, 2021

Respectfully submitted,
**ANDREW J. O'CONNOR AND MARY E. HENRY**

By: *Andrew J. O'Connor and Mary E. Henry*
Pro Se Defendants
Andrew J. O'Connor and Mary E. Henry
1220 W. Devonshire Court
Lafayette, CO 80026
Telephone: (303) 882-1693 and (303) 919-7124
Email: oconnorandrew@hotmail.com
Email: meandgriff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October 2021, a true and correct copy of **DEFENDANTS' MOTION TO REOPEN PURSUANT TO F.R.C.P. RULE 60 (b)** was emailed and/or deposited in the United States Mail, first-class postage prepaid and addressed to:

Ballard Spahr
**Attn: J. Matthew Thornton**
1225 17th Street, Suite 2300
Denver, CO 80202
Tel: (303) 292-2400
Fax: (303) 296-3956
Email: thorntonj@ballardspahr.com
*Attorneys for Plaintiff*

**ANDREW J. O'CONNOR**


*s/Andrew J. O'Connor*
Andrew J. O'Connor