IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-03158-CMA

COMCAST OF COLORADO I, LLC,

    Plaintiff,

v.

ANDREW J. O'CONNOR, and
MARY E. HENRY,

    Defendants.

---

## ORDER
---

    This matter is before the Court on Defendants' Motion to Reopen Pursuant to F.R.C.P. Rule 60(b) (Doc. # 41). The Motion is denied for the following reasons.

    Plaintiff, Comcast of Colorado I, LLC, alleges that Defendants refused to allow Comcast to access the public utility easement on their property. (Doc. # 39, p. 1). Comcast sued Defendants in state court, seeking declaratory and injunctive relief. (Doc. # 39, p. 2). Just hours before the preliminary injunction hearing, Defendants removed the case to this Court. (Doc. # 39, p. 2). Comcast filed a motion for remand; this Court granted the Motion; and the Court of Appeals affirmed. (Doc. # 39). Defendants now seeks to reopen the case under Rule 60(b). (Doc. # 41).

    Rule 60(b) provides, in relevant part, that a court may relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any

1

other reason justifying relief . . . ." Fed. R. Civ. P. 60(b). However, an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Following remand, "the district court is wholly deprived of jurisdiction to vacate or correct its remand order. The remand order returns the case to the state court and the federal court has no power to retrieve it." *Maggio Enterprises, Inc. v. Hartford Cas. Ins. Co.*, 132 F. Supp. 2d 930, 930 (D. Colo. 2001) (quoting *Seedman v. United States District Court for the Central District of California*, 837 F.2d 413, 414 (9th Cir.1988)). This is true "even if the district court's jurisdictional determination appears erroneous, so long as that determination was made in good faith." *Dalrymple v. Grand River Dam Authority*, 145 F.3d 1180, 1184 (10th Cir.1998) (citing *Archuleta v. Lacuesta*, 131 F.3d 1359, 1362 (10th Cir.1997), and *Flores v. Long*, 110 F.3d 730, 733 (10th Cir.1997)).

The Court has reviewed the remand order (Doc. # 26) and concludes that the issuing judge had a good-faith basis for ordering remand. The court has "inherent power to remand" a case on the ground that the defendant waived the right to removal by participating in state-court proceedings. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017) ("Waiver by participation ... concerns the situation where a defendant has participated in the state court before seeking removal."). The record reflects that Defendants participated in the underlying state-court proceedings and thereby waived the right to remove the case to this Court. Therefore, the Court has no jurisdiction to vacate or reconsider the order of remand. *See e.g., Dalrymple*, 145

F.3d at 1184 (citation omitted); *Whiddon Farms, Inc. v. Delta and Pine Land Co.*, 103 F.Supp.2d 1310, 1311 (S.D.Ala.2000).

Accordingly, Defendants' Motion to Reopen Pursuant to F.R.C.P. Rule 60(b) (Doc. # 41) is DENIED. It is

FURTHER ORDERED that this action is remanded to the Boulder County District Court pursuant the Order Granting Plaintiff's Motion to Remand (Doc. # 26) and the USCA order and judgment affirming the same (Doc. # 39).

The Clerk is directed to close this case.

DATED:  October 8, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge